## INDIANA COUNTY.

OCTOBER AND NOVEMBER TERM, 1884, No. 34.　　OCTOBER 20, 1884.

# Appeal of John A. Wissel *et al.* Administrators.

1. An auditor's findings of fact are conclusive, unless excepted to specifically.

2. Claims of an administrator against the estate for services rendered after the account was filed, and found to have been for his own benefit and adverse to the interests of the estate, were rightly rejected.

3. The decedent's estate being solvent, there was no error in allowing interest upon claims against the estate up to the time of distribution.

4. That a widow may waive her right to the whole or any part of the exemption allowed her by law is clearly settled; but such waiver should never be inferred from facts or circumstances that are susceptible of other explanation and do not amount to a legal estoppel.

[Appeal of John A. Wissel *et al.*, Administrators.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.; CLARK, J., absent.

Appeal of John A. Wissel and Martha A. Wissel, administrators of Conrad Wissel, deceased, from the decree of the Orphans' Court of *Indiana County*, confirming the auditor's report distributing moneys in their hands as administrators.

Conrad Wissel died in July, 1878, and letters of administration were granted to his son, John A. Wissel, and to his widow, Martha Wissel. July 12, 1878, they filed an appraisement of the personal property, amounting to $587 63, and also an appraisement of the goods taken by the widow on her claim for $300, amounting to $120 76. September 4, 1878, exceptions to the latter inventory and appraisement were filed. November 6, 1879, the administrators filed a partial account, charging themselves with $637 63, and claiming credit for $622 06, including the items of the widow's claim. Exceptions were filed to this account, which were referred to W. L. Stewart as auditor.

November 10, 1879, the widow filed an appraisement and designation of the real estate of the decedent chosen by her for the balance of her claim of exemption. The same appraisers who had appraised the personal property and the goods and chattels claimed by the widow appraised the real estate, and reported that it could not be divided without injury to the whole. Exceptions were filed to this appraisement, upon the grounds that the widow had already taken personal property to the value of $300, and that she had failed to elect to retain the same out of the real estate within one year from the death of the decedent.

December 15, 1879, the administrators presented a petition for the sale of the real estate for the payment of debts of the decedent, and thereupon the real estate was sold. July 28, 1881, the administrators filed a supplemental and final account, showing a fund in their hands of $4,028 57, and claiming credits amounting to $2,813 66. Exceptions were filed to this account, and W. L. Stewart was appointed auditor.

The testimony before the auditor, with reference to the widow's claim, was as follows :

*J. A. Wissel* testified : The widow made a claim upon me for her $300 allowance. She made it from the begining. She took $120 76 out of the appraisement. That left $179 24 back on her claim. I have paid her that amount out of this fund.

[Appeal of John A. Wissel *et al.*, Administrators.]

*A. H. Apple* testified: I was one of the appraisers of the Conrad Wissel estate. The widow took a lot of the furniture and we were called back to strike off some of it, as she thought she could do with less; don't mind what it amounted to.

*S. M. Clark* sworn: I was counsel for Adam Wissel, as administrator of Conrad Wissel, deceased. The widow took a part of her $300 in personal property. The appraisers could not give it to her out of the real estate. In settling the account, I entered a credit for the amount of personal property taken by the widow. Exceptions were filed to that appraisement, alleging that the appraisement was too low. When I filed the second account, those exceptions were still pending, and as the determination of the question raised by the exceptions, one way or the other, would settle the amount that she was to draw out of the real estate, under my advice no credit was entered in the account for the residue of the $300, for the reason that we did not know what the residue would be until those exceptions were disposed of. I supposed that this would be a question for the auditor upon distribution, and therefore I advised that no credit be entered at that time.

*A. H. Apple* recalled: Mrs. Wissel claimed that she had $300 to get out of the estate. I think her exact words were: "The law gives me $300," and Jamison then told her that she could take it in goods or money. We were taken back a time or two to reduce the amount of the goods, as she found she could do with less and wanted to take the balance in money.

The auditor made a first report, *inter alia:*

"The greater portion of the evidence offered at the last hearing was in reference to the widow's claim for a portion of her $300 exemption out of the real estate, this being the purpose for which the report was sent back to the auditor. After due consideration of the testimony and the facts in the case, the auditor rejects this claim for the reasons:

*First.* That the claim was not made, or at least put in practical shape, until after the rights of the heirs and creditors had been affected, more than a year having elapsed since the death of Conrad Wissel and the granting of letters of administration: See Baskins' Appeal, 2 Wright, 65, and Burk *v.* Gleason, 10 Wright, 297.

*Second.* The widow's selection of the real estate, or rather to have the balance of her claim for $300 taken out of it, was never confirmed by the court, the proper tribunal to pass upon the question.

*Third.* The amount taken by the widow out of the personal property did not exhaust it, and, as shown by the appraisement of the real estate, the remainder of the $300 could not be given to her without selling the real estate; and this could not be done, the widow being compelled to exhaust the personal property first before asking that the real estate should be sold in order to give her the balance of the $300 due her : See Scott's Estate, 2 Phila. R., 135.

*Fourth.* Because no credit was claimed for the balance of the $300, in the final account of the administrators. This amount could have been inserted in the account, with an explanation that it was subject to the claim taken out of the goods and chattels, and if their appraised value was changed by the court, then these said claims upon the real estate would be raised or changed so as to complete the $300, and no more.

*Fifth.* The widow's list of the personal goods and chattels that she elected to take at the appraisement does not show that she elected to take the balance out of the real estate."

The auditor made a second report, *inter alia :*

"J. A. Wissel presented a claim of the widow for the balance of the $300 that she would have been entitled to retain under the law.     There were appraised and set aside for the widow $120 76 worth of goods and chattels.     The widow's list does not show that she elected to take the balance in cash, and no other credit than the one for $120 76 is claimed in the accounts of the administrators. In this connection, the fact is noted that the widow herself is one of the administrators.     Under the ruling in Davis' Appeal, 34 Pa. St. R., 256, and Baskins' Appeal, 38 do., 65, the right to the balance of the $300 has been waived.     This claim is not, therefore, allowed.     *     *     *

"J. A. Wissel, one of the administrators of the said Conrad Wissel, deceased, claims $75 for services rendered the estate since the filing of the final account.     Any claims that the said administrator might have had were considered and passed upon by the auditor and court in passing upon the exceptions to the accounts of said administrator.     From his acquaintance with the affairs of said estate, the auditor finds, as a fact, that what was done by the said claimant was against the interest of said estate and in his own individual and personal interest. This claim is, therefore, not allowed.

In connection with the above, the claim of Jos. M. Thompson, Esq., for $200, for professional services, was presented.     This claim is rejected for the same reason as

[Appeal of John A. Wissel *et al.*, Administrators.]

the preceding, *i. e.*, that the services rendered were not in the interest of the estate, but against it. Hence claimant will have to look to J. A. Wissel, individually, and not as administrator, for compensation for his services.

Also the claim of Gen. Harry White, for $50, for services, was presented to the auditor. This is a very moderate charge, but this is not the question to be decided. This claim is rejected for the reasons stated in the two preceding ones.''

The auditor allowed interest on the claims of creditors up to the time of distribution.

The following exceptions to the auditor's report were filed :

*First.* The auditor erred in rejecting the claim of J. A. Wissel for services rendered.

*Second.* The auditor erred in rejecting the claim of Martha Wissel for the balance of her three hundred dollars.

*Third.* The auditor erred in his calculation of interest to date of distribution.

*Fourth.* The auditor erred in rejecting the claims of Jos. M. Thompson and Harry White for professional services rendered said estate.

The court below, Blair, J., December 3, 1883, dismissed the exceptions, whereupon this appeal was taken and errors assigned as follows :

*First.* The Court erred in confirming the auditor's report rejecting the claim of J. A. Wissel for services rendered.

*Second.* The Court erred in confirming the auditor's report rejecting the claim of Martha Wissel for the balance of her three hundred dollars.

*Third.* The Court erred in confirming the auditor's report rejecting the claim of Joseph M. Thompson and Harry White for professional services rendered said estate.

*Fourth.* The Court erred in confirming the auditor's report in his calculation of interest.

*Harry White* for the appellants.

*J. N. Banks* and *John R. Wilson* for the appellees.

January 5, 1885, the opinion of the Court was delivered by Sterrett. J.:

An affidavit, in due form, was supplied in time to perfect the appeal, and hence the motion to quash is denied.

In view of the facts found by the learned auditor, the

claim of appellant, John A. Wissel, "for services rendered the estate since the filing of his final account," was rightly rejected. He found, as a fact, that the services were not only for appellant's own benefit, but adverse to the interests of the estate. The only rational conclusion he could draw therefrom was, that the claim should not be paid out of the fund for distribution. Exceptions were taken to this and other legal conclusions of the, auditor, but none were filed, either before him or in the court below, to his findings of fact. If appellant intended to question the correctness of the latter, he should have excepted thereto specifically. This was not done, and they must now be regarded as conclusive. But, if this were not so, the result would be the same, because there appears to be nothing on the record to convict the auditor or the court below of error in finding the fact, or in the conclusion drawn therefrom.

What has just been said is equally applicable to the claims for professional services referred to in the third specification. There appears to be no objection to the amount of these claims found respectively; but, the learned auditor having found that the services were for the personal benefit of one of the administrators and against the interest of the estate, it is very evident they were not entitled to participate in the distribution.

There is nothing in the fourth specification that requires special notice. It is not sustained.

The subject of complaint, in the second specification, is the rejection of Mrs. Wissel's claim for $179 24, balance due her as widow under the exemption act.

Shortly after the decease of Conrad Wissel, in 1878, personal property to the amount of $120 76 was appraised and set apart to his widow. Exceptions to the appraisement were filed, and a commissioner was appointed to take testimony, but nothing further was done until after the administrators filed their account.

In that account they claimed credit for the appraised value of the personal property set apart to the widow, and the same was finally allowed. The allowance of the credit thus claimed was substantially a dismissal of the then pending exceptions to the widow's appraisement. Until they were disposed of, it was not at all certain that there would be any residue to be claimed out of either real or personal property. After the exceptions were in effect dismissed, the right of the widow to receive the residue of the $300 exemption out of the fund raised by sale of the real estate was denied by appellants. Their

contention before the auditor appointed to distribute the fund was that she had waived her right to said residue, and in this they were sustained by the finding of the learned auditor, whose report was approved by the court.

That a widow may waive her right to the whole or any part of the exemption allowed her by law, is clearly settled ; but such waiver should never be inferred from facts or circumstances that are susceptible of other reasonable explanation, and do not amount to a legal estoppel.   It was clearly shown, in this case, that when the personal property was being appraised, Mrs. Wissel claimed the full benefit of the exemption in her favor, as widow of the intestate, and we find nothing in the evidence to justify the conclusion that she then, or at any other time, relinquished her right to any part thereof.   Her co-administrator, J. A. Wissel, testified : "The widow made a claim on me for her $300 allowance ; she made it from the beginning. She took $120 76 out of the appraisement.   That left $179 24 back on her claim.   I have paid that amount out of this fund."   One of the appraisers, in his testimony, says : "Mrs. Wissel claimed that she had $300 to get out of the estate.   I think her exact words were 'the law gives me $300,' and Jamison, one of the appraisers, then told her that she could take it in goods or money.   We were taken back a time or two to reduce the amount of goods, as she found she could do with less, and wanted to take balance in money."   It is true the real estate, out of which the widow had a right to claim the residue, was not appraised under the provisions of the exemption law until November, 1879 ; but it was appraised by the same persons who had previously appraised the personal property retained by her, and their final action may well be regarded as a continuance and completion of the appraisement under her claim.   It does not appear to have been her fault that the real estate was not appraised sooner. The appraisement of the personal property selected by her was excepted to on the ground that the valuations were too low.   If the exceptants had succeeded in showing that the personal property taken by her was worth $300 or more, she would have had no claim on the realty under the exemption law, and no appraisement thereof would have been necessary.

It does not appear that the delay in appraising the real estate was, in any manner, prejudicial to the interest of creditors or distributees.   The fact that no credit was taken by the administrators in their final account for the residue claimed by the widow out of the real estate, is

[Grambs *v.* Lynch *et al.*]

fully explained by one of the witnesses, who was counsel for the administrators in the preparation of their account.

There is nothing in the testimony to warrant the conclusion that Mrs. Wissel waived or ever intended to relinquish her claim to the full amount allowed her by law; nor to bring the case within the principles recognized in Davis' Appeal, 10 Casey, 256; or Baskins' Appeal, 2 Wright, 65, on the authority of which the case appears to have been ruled in the court below.

Decree reversed at the costs of the appellees, and the record remitted, with instructions to distribute the fund in accordance with this opinion.